ON MOTION FOR REHEARING

PER CURIAM.
We grant appellant Simon Randy Pear-sall’s motion for rehearing, and withdraw the opinion issued on June 13, 2007, and issue the following opinion in its place.
Assuming, without deciding, that the prosecutor’s cross-examination question was fairly susceptible of being interpreted as a comment on the appellant’s silence at the time of arrest, see State v. Hoggins, 718 So.2d 761, 768 (Fla.1998), we conclude that the error was harmless beyond a reasonable doubt.
Pearsall argues that the trial court erred in sentencing him. We address on the merits the various sentencing issues Pear-sall raises for two reasons. First, Pear-sall’s petition for rehearing is properly before us, and second, Pearsall’s trial counsel adequately preserved the sentencing issues for review when he raised the relevant sentencing arguments before the trial court during the sentencing hearing.
We first accept the State’s concession that Pearsall is entitled to a new sentence on count 7, leaving the scene of an accident with injury. The current sentence for this third-degree felony indeed exceeds the legal maximum. The trial court, therefore, should re-sentence Pear-sall on this count. Pearsall need not be present.
On count 3, theft, Pearsall is not entitled to a new sentence. The State, though, correctly points out that the judgment is inconsistent with the trial court’s oral pronouncement. The judgment indicates that count 3 is a second-degree misdemeanor and it is instead a second-degree felony. The trial court should thus correct the scrivener’s error in the judgment consistent with its oral pronouncement.
Furthermore, the trial court’s imposition of the sentence of thirty years on count 3 as a violent habitual offender with a mandatory minimum of fifteen years as a prison release reoffender is the appropriate sentence for a second-degree felony. Nor do we agree with Pearsall that his sentence on count 3 should be reduced because the trial court failed to make a finding as to the value of the property taken. Pearsall argues more specifically that a jury must find that the value of the property taken was in excess of $20,000 before a theft conviction could be enhanced to a second-degree felony. Any error in the trial court’s failure to make specific findings under these circumstances is harmless error. See Galindez v. State, 955 So.2d 517, 522-23 (Fla.2007). This is so because the jury instruction allowed the jury to convict Pearsall only if the value of the property Pearsall took fell within a given range—“was $20,000 or more but less than $100,000.”
*205 The trial court also should correct a scrivener’s error in the judgment as to count 4, burglary. The judgment incorrectly classifies the crime of burglary as a third-degree felony. This is inconsistent with the trial court’s oral pronouncement that found Pearsall guilty of burglary of an occupied structure, a second-degree felony. Any error in the trial court’s failure to include the standard jury instruction on the aggravating circumstance of “human being in structure or conveyance,” or finding on the verdict form, in accordance with the information that charged Pearsall with burglary of occupied premises, is harmless error. See Id. The fact that the premises where the robbery took place was occupied was undisputed.
We therefore affirm in part, reverse in part, and remand with instructions.